**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carole Saunders, | No. CV 07-8029-PCT-EHC |
| Plaintiff, | **ORDER** |
| vs. | |
| Yavapai County Sheriff's Deputy Richard Silva and his wife, Connie Lynn Silva; Yavapai County Sheriff's Deputy Deborah Dean and her husband; Yavapai County Sheriff Steve Waugh and his wife; Yavapai County Attorney Sheila Polk and her husband, Thomas Polk; Yavapai County Deputy Attorney Steven Sisneros and his wife, Kasie Sisneros; and Yavapai County, | |
| Defendants. | |

Plaintiff Carole Saunders brought this civil rights action under 42 U.S.C. § 1983 against Yavapai County, Yavapai County Sheriff's Deputy Richard Silva ("Deputy Silva"), Yavapai County Sheriff's Deputy Deborah Dean ("Deputy Dean"), Yavapai County Sheriff Steve Waugh ("Sheriff Waugh"), Yavapai County Attorney Sheila Polk ("Polk"), and Yavapai County Deputy Attorney Steven Sisneros ("Sisneros").[1] (Dkt. 32.) Before the Court is Defendants' Partial Motion to Dismiss Third Amended Complaint. (Dkt. 40.) Plaintiff filed an Opposition to Defendants' Motion. (Dkt. 43.) Defendants filed a Reply. (Dkt. 44.) The Court will grant Defendants' Motion.

---

[1] The individual Defendants' spouses are also named as Defendants based upon marital community.

1  **I.     Procedural History**

On June 6, 2007, Plaintiff filed her original Complaint. (Dkt. 1.) The Complaint failed to comply with the Federal and Local Rules of Civil Procedure, and Plaintiff was ordered to re-file a corrected Complaint. (Dkt. 2.) On December 27, 2007, Plaintiff filed an Amended Complaint. (Dkt. 3.) On January 25, 2008, Defendants filed a Motion to Dismiss. (Dkt. 8.) Before the Court ruled on the Motion to Dismiss, Plaintiff filed a Motion to File a Second Amended Complaint on June 13, 2008. (Dkt. 15.) On September 15, 2008, the Court granted Plaintiff's Motion to File a Second Amended Complaint. (Dkt. 18.) On September 30, 2009, the Court denied Defendants' Motion to Dismiss without prejudice as moot. (Dkts. 18-19.)

On December 8, 2008, Plaintiff filed a Second Amended Complaint.[2] (Dkt. 22.) On December 18, 2008, Defendants filed a Motion to Dismiss Second Amended Complaint. (Dkt. 25.) On May 4, 2009, the Court granted in part and denied in part Defendants' Motion to Dismiss. (Dkt. 31.) The Court granted Defendants' request to dismiss Plaintiff's state law claims for failure to comply with Arizona's Notice of Claim Statute. (Id. at 3-5.) The Court dismissed Plaintiff's remaining federal claims with leave to amend. (Id. at 5-7.)

On June 1, 2009, Plaintiff filed a Third Amended Complaint. (Dkt. 32.) On June 15, 2009, Defendants filed a Partial Motion to Dismiss Third Amended Complaint. (Dkt. 40.)

**II.    Alleged Facts**

The facts as alleged in Plaintiff's Third Amended Complaint are as follows: On December 10, 2006, Deputy Silva arrested Plaintiff Carole Saunders outside her church in Yavapai County. (Dkt. 32 at 3.) Deputy Silva arrested Plaintiff "without a warrant and with no evidence that a crime had been committed." (Id.) Deputy Silva "fondled Plaintiff's breasts" while conducting "a routine weapons search." (Id.) Plaintiff was arrested in front of the other parishioners at her church, which resulted in unnecessary humiliation for

---

[2]Plaintiff's Second Amended Complaint was filed about three months after the Court granted Plaintiff's Motion to Amend because Plaintiff failed to properly lodge a Second Amended Complaint with her Motion to Amend. (See Dkts. 16, 17, & 21.)

1  Plaintiff. (Id.) Plaintiff was then "required to drive her vehicle to her home" and was
2  "forced to stand outside for close to an hour" in the cold and without a jacket. (Id.) Plaintiff
3  was then taken to the Yavapai County Jail in the City of Prescott. (Id. at 4.) Plaintiff had
4  never been to jail before and the events were "terrifying and unnecessarily traumatic." (Id.)

Plaintiff was booked on "open" charges and spent the night in jail. (Id.) The Yavapai County Sheriff Department issued a press release alleging Plaintiff was arrested for 21 counts of cruel animal abuse and neglect. (Id.) This press release was publicized nationally and "by nearly every major news outlet in the state of Arizona." (Id.) Yavapai County Sheriff Deputy Deborah Dean "testified that there were no facts to support the charges."[3] (Id.)

Four months after Plaintiff's arrest, criminal charges were lodged against Plaintiff by Yavapai County Attorney Sheila Polk and Deputy County Attorney Steven Sisneros. (Id.) Plaintiff was charged with 21 counts of cruel animal abuse and neglect. (Id.) The Yavapai County Attorneys "knew or should have known that there was no evidence to support these [charges]." (Id.) The charges were brought to "insulate Yavapai County from liability for the initial false arrest as well as liability for Yavapai County's five year campaign to destroy Plaintiff." (Id.) Plaintiff pleaded guilty to several charges, although "she was not personally advised in open Court of the rights she was giving up by pleading guilty."[4] (Id.) Plaintiff pleaded guilty to at least one charge because Deputy County Attorney Sisneros "threaten[ed] Plaintiff with a six month jail sentence" and "offer[ed] to let her keep [her] animals." (Id.)

## III. Standard of Review

A court may grant dismissal for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A

---

[3] The Third Amended Complaint does not state when this testimony was given or whether it was given under oath.

[4] The Third Amended Complaint does not state whether Plaintiff pleaded guilty to any of the animal abuse and neglect charges or whether any of these charges were dismissed.

Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). "When ruling on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). "The court must accept as true all material allegations in the complaint, as well as any reasonable inference to be drawn from them." Id. "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The statement must give the defendants fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is]... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

**IV. Discussion**

Plaintiff alleges that Defendants violated her civil rights when she was wrongfully arrested in December 2006 and falsely prosecuted. (Dkt. 32.) Plaintiff's Third Amended Complaint asserts two 42 U.S.C. § 1983 claims for violations of her Fourth Amendment right

to be free from unreasonable searches and seizures and Fourteenth Amendment right to substantive due process. (Id.)

"In order to allege a claim upon which relief may be granted under § 1983, a plaintiff must show that she has been deprived of a right secured by the Constitution and laws of the United States and that the deprivation was under color of state law." Broam, 320 F.3d at 1028 (citations omitted). Plaintiff asserts civil rights claims against Defendants Richard Silva, Steve Waugh, Deborah Dean, and Yavapai County based upon Plaintiff's alleged false arrest. (Id. at 3.) Plaintiff asserts civil rights claims against Defendants Sheila Polk and Steven Sisneros based upon alleged malicious prosecution. (Id. at 5.)

### A. Defendant Richard Silva

Plaintiff's Third Amended Complaint alleges that Deputy Silva "maliciously arrested" Plaintiff without a warrant and without evidence of a crime, "fondled Plaintiff's breasts," "abused and humiliated" Plaintiff, transported Plaintiff to jail, and booked Plaintiff in jail. (Dkt. 32 at 3-4.) Defendants acknowledge that such allegations, if taken as true, allege conduct in violation of the Fourth Amendment. (Dkt. 40 at 6 & 17.) Defendants argue that "the allegations against Deputy Silva do not rise to the level of a substantive due process violation as a matter of law."[5] (Dkt. 40 at 7-8.)

"To establish a substantive due process claim a plaintiff must show a government deprivation of life, liberty, or property." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006) (internal quotation and citation omitted). "There is no general liberty interest in being free from capricious government action." Id. Only the most egregious official conduct that rises to the level of "shocks the conscience" will support a substantive due process claim. Id. Therefore, a plaintiff must show (1) a deprivation of life, liberty, or property and (2) that the deprivation shocks the conscience. Id.

---

[5]Defendants stated that "Plaintiff's §1983 claims against Deputy Silva for violations of the Fourth and Fourteenth Amendments should proceed." (Dkt. 40 at 7.) The Court will assume that Defendants did not intend to acknowledge that Plaintiff's Fourteenth Amendment substantive due process claim should proceed because Plaintiff argues to the contrary and concludes that only Plaintiff's Fourth Amendment claim should proceed. (See Dkt. 40 at 7-8 & 17.)

If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, "not under the rubric of substantive due process." Fontana v. Haskin, 262 F.3d 871, 882 (9th Cir. 2001) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998)); see also Graham v. Connor, 490 U.S. 386, 395 (1989) (claims against law enforcement officers in the course of arrest should be analyzed under the Fourth Amendment, rather than under substantive due process). Although Plaintiff's allegations that Deputy Silva fondled Plaintiff's breasts and abused and humiliated Plaintiff may "shock the conscience" and be sufficient to establish a substantive due process claim, this allegation is more properly analyzed under the Fourth Amendment. See Fontana, 262 F.3d at 882 (allegation that a police officer sexually harassed a criminal suspect during a continuing seizure is analyzed under the Fourth Amendment, rather than Fourteenth Amendment).

Therefore, Plaintiff's § 1983 claim against Deputy Silva for violations of the Fourth Amendment will proceed, and Plaintiff's substantive due process claim against Deputy Silva is dismissed.

**B.     Defendant Yavapai County**

A "municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Serv. of City of N.Y., 436 U.S. 658, 691-92 (1978). A plaintiff, seeking to impose liability on a municipality under § 1983, must identify a municipal "policy" or "custom" that caused the plaintiff's injury. Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403-04 (1997). A "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404. A plaintiff alleging a municipality failed to train its police officers must show that (1) she was deprived of a constitutional right, (2) the municipality had a training policy that "amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact," and (3) her constitutional injury would have been avoided had the municipality properly trained those officers. Blankenhorn v. City

of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (citing Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Plaintiff alleges that Yavapai County is "responsible for the torts of their agent, Deputy Silva." (Dkt. 32 at 4.) Yavapai County cannot be held liable for the torts of Deputy Silva, Deputy Dean, or Sheriff Waugh. See Monell, 436 U.S. at 691-92 (a "municipality cannot be held liable solely because it employs a tortfeasor").

Plaintiff also alleges that "this has been a five year pattern of abuse committed under pretense of the statutes, ordinance, regulations, customs, and usage of the County of Yavapai," and "[t]his subjects the County to liability."[6] (Dkt. 32 at 4.) Plaintiff alleges that the County had a "five year campaign to destroy Plaintiff." (Dkt. 32 at 6.) Plaintiff's allegations are conclusory and do not include any facts that would support her allegations of a "pattern of abuse" or "campaign to destroy." See Iqbal, 129 S. Ct. at 1949 (Fed.R.Civ.P. 8 "demands more than an unadorned, the–defendant– unlawfully–harmed–me accusation"). Plaintiff's Third Amended Complaint does not assert facts that demonstrate a pattern of unconstitutional conduct. Plaintiff merely asserts facts that demonstrate an allegedly false arrest and prosecution. Plaintiff does not state any facts that would allow the Court to infer that Yavapai County has an unconstitutional policy, practice, or custom that caused Plaintiff's alleged injuries. See id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff further alleges that "Defendants Dean and Waugh were responsible for Deputy Sylva's [sic] training and supervision[,] which was negligent," and "[t]his subjects... the County to liability." (Dkt. 32 at 4.) As previously noted, Yavapai County cannot be held liable under § 1983, for Deputy Dean and Sheriff Waugh's alleged torts. See Monell, 436 U.S. at 691-92. "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Long v. City & County of Honolulu, 511 F.3d 901, 907 (9th Cir.2007) (quoting City

---

[6]It is unclear what "this" is referring to in Plaintiff's Third Amended Complaint.

- 7 -

of Canton v. Harris, 489 U.S. 378, 389 (1989)). Plaintiff's Third Amended Complaint alleges that the training was "negligent," not deliberately indifferent. (See Dkt. 32 at 4.) Plaintiff does not state any facts that would allow the Court to infer that Yavapai County was deliberately indifferent to a specific need and failed to train its officers or had an inadequate training program. "[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the [municipality] liable." City of Canton, 489 U.S. at 391.

Therefore, all claims against Yavapai County are dismissed.

### C. Defendants Steve Waugh and Deborah Dean

Plaintiff alleges that Sheriff Waugh and Deputy Dean are "responsible for Deputy Sylva's [sic] training and supervision[,] which was negligent." (Dkt. 32 at 4.) Plaintiff also alleges that Sheriff Waugh and Deputy Dean are "responsible as individuals for the torts of their agent, Deputy Silva." (Id.)

As noted above, there is no *respondeat superior* liability, under § 1983. Therefore, Sheriff Waugh and Deputy Dean cannot be held liable for Deputy Silva's conduct. See Monell, 436 U.S. at 691-92.

Plaintiff also does not allege sufficient facts to establish a claim for failure to train. See City of Canton, 489 U.S. at 388 ("there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983"). Plaintiff merely asserts, without explanation, that Deputy Silva's training and supervision were negligent. (See Dkt. 32 at 4.) Plaintiff also does not allege that Sheriff Waugh and Deputy Dean's failure to train amounts to deliberate indifference to the rights of Plaintiff or others. See City of Canton, 489 U.S. at 388 (inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact). Plaintiff does not state any facts that would allow the Court to infer that Sheriff Waugh or Deputy Dean were deliberately indifferent to a specific need or failed to train the officers that they supervised.

Therefore, all claims against Sheriff Waugh and Deputy Dean are dismissed.

1     **D.**     **Defendants Sheila Polk and Steven Sisneros**

Plaintiff alleges that Defendants Sheila Polk and Steven Sisneros are liable under § 1983 for violations of Plaintiff's right to be free from unreasonable searches and seizures and right to substantive due process (Count 2). (Dkt. 32 at 3.) Defendants argue that "the alleged conduct of Sheila Polk and Steven Sisneros is protected by absolute immunity," because "all of the conduct aimed at Polk and Sisneros occurred in connection with the filing and maintenance of criminal charges." (Dkt. 40 at 17.) Plaintiff argues that "bringing charges that [Polk and Sisneros] knew or should have known had no factual basis is not a quasi-judicial function." (Dkt. 43 at 5.)

"A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" Broam, 320 F.3d at 1028 (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "A prosecutor is granted only qualified immunity, however, if he or she is performing investigatory or administrative functions, or is essentially functioning as a police officer or detective." Broam, 320 F.3d at 1028. A state prosecutor's liability depends upon the "nature of the function performed." Id. at 1029. Therefore, the Court must determine "whether the prosecutor's actions are closely associated with the judicial process." Id. (quoting Milstein v. Cooley, 257 F.3d 1004, 1009 (9th Cir. 2001)).

Polk is the Yavapai County Attorney, and Sisneros is a Deputy Yavapai County Attorney. (Dkt. 32 at 2.) Plaintiff alleges that Polk and Sisneros brought 21 counts of cruel animal abuse and neglect charges against Plaintiff "in an attempt to insulate Yavapai County from liability for the initial false arrest as well as liability for Yavapai County's five year campaign to destroy Plaintiff." (Id. at 5.) Plaintiff alleges that Polk and Sisneros "knew or should have known that there was no evidence to support [the charges against Plaintiff]." (Id.) Plaintiff alleges that "[e]ach time she plead[ed] guilty to trumped up charges she was not personally advised in open Court of the rights she was giving up by pleading guilty," and "the county attorney at the hearing had a duty to ensure that such a basic right was not

1 denied." (Id. at 5-6.) Plaintiff also alleges that Sisneros "coerced at least one guilty plea by threatening Plaintiff with a six month jail sentence" and "offering to let her keep [her] animals." (Id. at 6.)

All of Plaintiff's claims against Polk and Sisneros involve traditional prosecutorial duties closely associated with the judicial process, such as filing charges and plea negotiations. Polk and Sisneros are absolutely immune from liability for allegedly failing to investigate the accusations against Plaintiff before filing charges. See Broam, 320 F.3d at 1029 (holding that a prosecutor is immune from liability for failing to adequately investigate the accusations against the defendant before filing charges). Polk and Sisneros are also immune from liability for allegedly failing to advise Plaintiff of her rights in court and coercing a guilty plea because these actions are prosecutorial or judicial, not investigative. See Doe v. Russotti, 503 F.Supp. 942, 944-45 (S.D. NY 1980) (prosecutor's alleged effort to coerce a guilty plea falls within role as an advocate and triggers absolute immunity); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1492 (10th Cir. 1991) (state attorneys are entitled to absolute immunity for alleged coercive plea bargaining); see also Briley v. Cal., 564 F.2d 849, 856 (9th Cir. 1977) (prosecutorial immunity extends to plea bargaining as an integral part of the judicial process).

Therefore, based upon the facts alleged in Plaintiff's Third Amended Complaint, Defendants Sheila Polk and Steven Sisneros are entitled to absolute immunity and all claims against them are dismissed. Even if Defendants Polk and Sisneros were not entitled to absolute immunity, Plaintiff's Third Amended Complaint does not allege any facts from which the Court may infer that Defendants Polk and Sisneros violated Plaintiff's constitutional rights. See Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (malicious prosecution does not constitute a civil rights violation in the absence of some other specific violation of a constitutional right, such as denial of equal protection).

**E.    Conspiracy Claim Against All Defendants**

Defendants argue that "Plaintiff makes some vague allegations suggesting collaboration or conspiracy in a 'five year pattern of abuse,' [but] the Complaint fails to state

facts showing an actual agreement and concerted actions which is necessary to sustain a conspiracy-based constitutional claim." (Dkt. 40 at 11.) Plaintiff argues that she "alleged that [Sheriff Waugh, Deputy Dean, and Yavapai County] were part of a concerted multi[-]year campaign to deprive Plaintiff of her rights as guaranteed by the U.S. Constitution and this abuse was committed under pretense of the statutes, ordinances, regulations, customs, and usages of the County of Yavapai." (Dkt. 43 at 3.)

To prevail on a claim for conspiracy to violate Plaintiff's constitutional rights under § 1983, Plaintiff must show specific facts to support the existence of the claimed conspiracy. See Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). To establish a conspiracy claim under § 1983, Plaintiff must show: (1) the existence of an express or implied agreement among defendants to deprive Plaintiff of her constitutional rights and (2) an actual deprivation of those rights resulting from that agreement. Ting v. U.S., 927 F.2d 1504, 1512 (9th Cir. 1991).

Plaintiff does not allege the existence of an express or implied agreement among Defendants to deprive Plaintiff of her constitutional rights. Plaintiff merely alleges that "Deborah Dean... collaborated with Deputy Silva against Plaintiff as well as others as part of a pattern of abuse by all Defendants." (Dkt. 32 at 4.) This allegation is insufficient to show an agreement among all Defendants to deprive Plaintiff of her rights. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.") Plaintiff also does not allege that her rights were deprived as a result of an agreement. Plaintiff does not allege sufficient facts to allow the Court to reasonably infer that any of the Defendants conspired to violate Plaintiff's rights. Therefore, to the extent that Plaintiff alleges a conspiracy claim under § 1983 against all Defendants, this claim is dismissed.

**V.  Leave to Amend**

"Rule 12(b)(6) motions are viewed with disfavor," and "[d]ismissal without leave to amend is proper only in 'extraordinary' cases." Broam, 320 F.3d at 1028. "[L]eave to

amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." <u>Bly-Magee v. Cal.</u>, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations omitted). Plaintiff's original Complaint was filed on June 6, 2007. (Dkt. 1.) Plaintiff has been given multiple opportunities to cure any deficiencies in her pleadings. (<u>See</u> Dkts. 3, 22, & 32.) Plaintiff has not asked to file another amended complaint. Therefore, the Court finds that Plaintiff is unable, or unwilling, to amend her Complaint to properly allege claims against Defendants Deborah Dean, Steve Waugh, Sheila Polk, Steven Sisneros, and Yavapai County. The only remaining claim is Plaintiff's § 1983 claim, under the Fourth Amendment, against Defendant Richard Silva. All other claims and Defendants are dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' Partial Motion to Dismiss Third Amended Complaint (Dkt. 40) is **granted**.

**IT IS FURTHER ORDERED** that this action will proceed on Plaintiff's 42 U.S.C. § 1983 claim against Defendant Richard Silva for violating Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. All other claims and Defendants are **dismissed**.

**IT IS FURTHER ORDERED** that Defendant Richard Silva shall file an Answer to Plaintiff's remaining claim within **twenty (20) days** of the date of this Order.

DATED this 5th day of November, 2009.

_____
Earl H. Carroll
United States District Judge