**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carole Saunders,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Richard Silva and Connie Lynn Silva,<br><br>　　　　Defendants. | No. CV 07-8029-PCT-EHC<br><br>**ORDER** |

　　　　The parties have argued that Defendant Richard Silva was an Animal Control Officer in Yavapai County. (Doc. 100.) At trial, Judge Blaylock testified that Silva was a County Enforcement Agent. (Trial Tr. vol. II, 282:24-25, Aug. 11, 2010.)

　　　　The Court orders that each party submit a memorandum concerning the statutes or ordinances under which Defendant Silva acted, taking into account A.R.S. § 11-1001(4); A.R.S. § 11-1005(a)(1)-(6); A.R.S. § 11-1007; A.R.S. § 9-499.04; Yavapai County Ordinance No. 2000-3, "Rabies and Animal Control," adopted by the Yavapai County Board of Supervisors on September 5, 2000, which is attached, and any other relevant authority.

　　　　Accordingly,

　　　　**IT IS ORDERED** that each party file a memorandum addressing these issues by November 10, 2010.

　　　　DATED this 18th day of October, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／ Earl H. Carroll
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Earl H. Carroll
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**YAVAPAI COUNTY ORDINANCE NO. 2000 – 3**

**RABIES AND ANIMAL CONTROL**

**Repealing Yavapai County Ordinance No. 1991-2**

A.  DEFINITIONS

    1.  "AT LARGE" means being neither confined by a suitable enclosure nor physically restrained on a leash.

    2.  "ENFORCEMENT AGENT" means persons in Yavapai County responsible for the enforcement of this Ordinance and the regulations promulgated thereunder.

    3.  "OWNER" means any person owning, possessing, harboring or maintaining a dog, or any persons acting for the owner, or having charge of a dog.

    4.  "DOG" means member of the familiaris and domesticated wolves and offspring of dogs cross-bred with wild animals or domesticated wolves.

    5.  "DOG PARK" means a suitably enclosed and supervised area designated by the County or any city or town within which dogs are not required to be leashed or otherwise subject to physical restraint.

B.  GENERAL PROVISIONS

    1.  This Ordinance shall not apply to any incorporated city or town or to any Indian Reservation but shall apply only within the unincorporated areas of Yavapai County. The provisions of State law shall apply in those instances where this Ordinance is not equal to or more stringent than State law.

    2.  No dog shall be permitted at large except as provided herein. Dogs shall be confined within a suitable enclosure or otherwise physically restrained to prevent entry of dogs on public or private property other than the owner's or on a leash not to exceed six (6) feet in length and of sufficient strength to control the dog.

    3.  Any dog over the age of four (4) months shall wear a collar or harness to which is attached a valid license tag. Dogs shall not be required to wear a collar or harness with a valid license attached while being used for control of livestock, ~~or~~ while being used or trained for hunting, while being exhibited or trained at a kennel club event, while engaged in races

        approved by the Arizona Racing Commission or while being transported to and from such events or races provided that they are properly vaccinated, licensed and controlled. In the event the owner can demonstrate that no approved vaccination is available a license which shall be different from a rabies tag is required.

    4.    It shall be unlawful for an owner or designated responsible person to maintain a dog having a propensity to bark, howl or otherwise disturb the peace and quiet of any county resident. The enforcement agency shall make every effort, including canvassing of affected neighbors, to ensure that unwarranted citations are not issued.

C.    ENFORCEMENT

    1.    Any dog, licensed or unlicensed, which is running at large may be apprehended and impounded by the County enforcement agent. The County enforcement agent shall have the right to enter upon private property in order to apprehend any dog that has been running at large, provided the enforcement agent is in reasonable pursuit of such dog.

    2.    County enforcement agents and law enforcement officials may issue citations to the owner, or other person acting for the owner, when a dog is permitted to be at large. The procedure for the issuance of a notice to appear shall be as provided for peace officers in A.R.S. § 13-3903 except that the County enforcement officer shall not make an arrest before issuing the notice. The issuance of citations pursuant to this Ordinance shall be subject to the provisions of A.R.S. § 13-3899.

    3.    Pursuant to A.R.S. § 11-1015, it is unlawful for any person to interfere with the County enforcement agent in the performance of his duties.

D.    EXEMPTIONS

    1.    A dog may run at large while participating in field trials, obedience classes, kennel club events, organized school or park-sponsored shows, while assisting its owner or trained in legal hunting or in herding livestock, while assisting a police officer engaged in law enforcement duties, or while assisting its blind or deaf master, so long as sufficient control is exercised permit immediate leashing of the dog upon any person's reasonable request.

    2.    Dogs are allowed to occupy vehicles, including truck beds, without restraint, but as soon as a dog leaves a truck bed, it is considered to be at large.

E.  SPECIAL EXEMPTION FOR DOG PARKS

  1.  Upon written application by the County, or by any city or town, the Board of Supervisors may permit dogs to run without restraint within the enclosed area of a designated Dog Park subject to the condition that the dog's owner must remain within the enclosed area of the Dog park and exercise appropriate supervision and control at all times that a dog is allowed to run without restraint.

  2.  Applications for of a special exemption for a Dog Park shall be accompanied by a Development Plan to include a map and legal description of the proposed Dog Park, construction plans for all improvements to be made on the premises, procedures for maintaining the premises in a sanitary condition and a plan for staffing and supervision of the Dog Park.

  3.  As a condition of approval of a special exemption for a Dog Park, the applicant shall obtain a premises liability insurance policy, in a form acceptable to the County, with a minimum annual aggregate policy limit as specified by the County which shall name the County as a primary or additional insured. The policy shall protect the County from any and all lawsuits, claims, awards or other losses, including reasonable attorney fees arising from the operation of the Dog Park. On or before the effective date of the special exemption, the applicant shall provide to the County a certificate of insurance confirming the required coverage and shall notify the County no less than 10 days prior to any changes in coverage including policy forms, policy limits, cancellations, non-renewals or changes in insurance carriers.

  4.  The operator of a Dog Park authorized pursuant to this Section may enact rules and regulating governing the operation of the Dog Park provided that such rules and regulations are equal to or more stringent than corresponding provisions of this Ordinance.

  5.  The Board of Supervisors may revoke a special exemption for a Dog Park upon a determination that the interests of the County are not served by continued operation of the Dog Park or that the public health, safety or welfare is threatened or may be threatened by continued operation of the Dog Park.

F.  BITING ANIMALS

The procedures set forth in A.R.S. § 11-1014 shall be followed for biting animals. Domesticated wolves and offspring of domestic animals bred with wild animals or domesticated wolves shall be considered wild animals pursuant to the provisions of A.R.S. § 11-1014(c).

G.  PENALTIES

1. A person who is convicted of a violation of this Ordinance is guilty of a class 2 misdemeanor.  As a minimum penalty , a person convicted hereunder shall to pay a fine of not less than fifty dollars, which shall not be suspended unless, at the discretion of the judge court, that person is ordered to perform and complete a minimum of eight hours of community service.

2. Any person requesting the release of an impounded dog shall provide proof of anti-rabies vaccinations and license, or shall obtain any applicable license and vaccination and shall pay for the cost of impoundment in accordance with a fee schedule adopted by the Yavapai County Board of Supervisors.  Proof of ownership of the dog may be required prior to release.  Any impounded dog which is not claimed within seventy-two hours shall be deemed abandoned.  County enforcement agents may take possession of abandoned dogs and may place the dog for sale or may dispose of the dog in a humane manner.  Any person purchasing an abandoned dog shall obtain applicable anti-rabies vaccinations and pay the applicable license and impoundment fees.

H.  REPEALER

Yavapai County Ordinance No. 1991-2 is hereby repealed

I.  EFFECTIVE DATE

This Ordinance, including the repealer contained herein shall be effective October 5, 2000.

Passed and adopted by the Yavapai County Board of Supervisors this 5th day of September, 2000.

/s/  A.G. "Chip" Davis
    A. G. "Chip"  Davis, Chairman
    Yavapai County Board of Supervisors

ATTEST:

/s/ Bev Staddon
    Bev Staddon, Clerk
    Yavapai County Board of Supervisors